IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JANE DOE,

             Plaintiff,

vs.

GREGORY D. CHAMBERLIN,

             Defendant.

Case No.

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

## COMPLAINT

**COMES NOW**, Plaintiff, Jane Doe, by and through her counsel of record, Oluseyi O. Olowolafe of Olowolafe Law Firm, LLC, alleges and states as follows:

## NATURE OF THE ACTION

1.　　This lawsuit arises out of a filming taken of Jane Doe during sexual intercourse without her knowledge or consent and then uploaded to the internet website Fetlife.com under Gregory Chamberlin's profile without Jane Doe's consent or permission.

2.　　Plaintiff seeks money damages for: (1) the nonconsensual disclosure of intimate visual depictions in violation of 15 U.S.C. § 6851; (2) the unauthorized disclosure of intimate images in violation of Nebraska Revised Statutes § 25-3501, *et seq.*; (3) the invasion of privacy in violation of Nebraska Revised Statutes § 20-201, *et seq.*; (4) intentional infliction of emotional distress; and (5) negligence.

## JURISDICTION & VENUE

3.　　This action is brought pursuant to 15 U.S.C. § 6851. This Court has jurisdiction over this claim in this Complaint pursuant to 28 U.S.C. § 1331 (federal question).

4.　　This Court also exercises supplemental jurisdiction over Jane Doe's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Jane Doe's claims occurred in the District of Nebraska, and pursuant to 18 U.S.C. § 1965.

## PARTIES

6.      Plaintiff Jane Doe ("Doe") is a citizen of the United States and resides in Sarpy County, Nebraska. Plaintiff is filing this Complaint under a pseudonym, as permitted pursuant to 15 U.S.C. § 6851(b)(3)(B) and Neb. Rev. Stat. § 25-3509.

7.      Pursuant to 15 U.S.C. § 6851(b)(3)(B) and Neb. Rev. Stat. § 25-3509, Doe's motion requesting leave to proceed under a pseudonym will be filed forthwith upon the docketing of this case.

8.      Defendant Gregory D. Chamberlin ("Chamberlin") is a citizen of the United States and resides in Sarpy County, Nebraska.

## STATEMENTS OF FACT

9.      Doe and Chamberlin were in a dating relationship from 2016 to 2021.

10.     During the course of their dating relationship, Doe and Chamberline lived together and were sexual partners.

11.     Between 2016 and 2018, while living together in Omaha, Douglas County, Chamberlin and Doe engaged in sexual intercourse.

12.     During a particular sexual encounter, Chamberlin asked Doe if he could record them having sexual intercourse.

13.     Doe did not give Chamberlin permission to film or videorecord her engaging in sexual intercourse with him.

14.     Notwithstanding, Chamberlin still proceeded to film and videotape Doe engaging in sexual intercourse at that time, despite Doe explicitly declining consent or authorization for Chamberlin to do so.

15.     The video recorded by Chamberlin depicted Doe in a sexual manner, showing her as an identifiable individual engaging in sexual intercourse, which constitutes sexually explicit conduct.

16.     The video is an intimate visual depiction of Doe engaging in sexually explicit conduct produced in the privacy of the home that Doe and Chamberlin shared together during their relationship.

17.     The unauthorized video of Doe engaging in sexually explicit conduct with Chamberlin constitutes an intimate visual depiction of Doe, as she was identifiable in the video.

18.     Unbeknownst to Doe, between 2016 and 2018, Chamberlin electronically uploaded the video of him and Doe engaging in sexual intercourse to his profile account on Fetlife.com.

19.     Fetlife.com is a social networking website for people interested in fetishistic and fringe sexual practices.

20.      Chamberlin's Fetlife.com profile username is BIG_D_BULL_420.

21.     Doe never provided Chamberlin authorization or consent to record the video of her engaging in sexual intercourse with Chamberlin.

22.     Doe never provided Chamberlin authorization or consent to transfer the video of her engaging in sexual intercourse with Chamberlin to Fetlife.com.

23.     Chamberlin's disclosure of the video of Doe engaging in sexually explicit conduct on his Fetlife.com, which constitutes transportation through interstate commerce.

24. Doe had a reasonable expectation of privacy in the intimate acts that she engaged in during her sexual relationship with Chamberlin.

25. The intimate visual depiction of Doe was not commercial pornographic content.

26. Chamberlin's disclosure of the intimate visual depiction of Doe was not made in good faith to a law enforcement officer or agency.

27. Chamberlin's disclosure of the intimate visual depiction of Doe was not made in good faith as part of a legal proceeding.

28. Chamberlin's disclosure of the intimate visual depiction of Doe was not made in good faith as part of medical education, diagnosis, or treatment.

29. Chamberlin's disclosure of the intimate visual depiction of Doe was not made in good faith in reporting or investigating unlawful content or unsolicited or unwelcome conduct.

30. Chamberlin's disclosure of the intimate visual depiction of Doe was not a matter of public concern of public interest.

31. Chamberlin's disclosure of the intimate visual depiction of Doe was not a disclosure reasonably intended to assist Doe.

32. In late 2021, Doe decided to cease her dating relationship with Chamberlin.

33. Doe's decision to terminate her relationship with Chamberlin was not well-received by Chamberlin.

34. On October 28, 2021, Doe ultimately filed and obtained a domestic abuse protection order against Chamberlin regarding his threatening behavior.

35. On May 18, 2025, Doe was contacted by Chamberlin's girlfriend, Katheryn Wright ("Wright") via Facebook.

36.   Wright informed Doe that she viewed the video of Doe engaging in sexual intercourse with Chamberlin, and was able to identify Doe by her face.

37.   Wright further stated to Doe that it did not appear from the video that Doe was aware that Chamberlin was recording the sexually explicit conduct Doe was engaging in with Chamberlin at that time.

38.   On information and belief, Wright ultimately reported the video to Fetlife.com, and the website removed the video pursuant to the terms and conditions on Fetlife.com regarding revenge porn and/or nonconsensual posting of material.

39.   On May 27, 2025, Doe reported the unauthorized filming of the intimate visual depiction of Doe, and the unauthorized disclosure of the video to law enforcement.

40.   As a result of Chamberlin's conduct of recording Doe engaged in sexually explicit conduct and transmitting the video onto his Fetlife.com profile without her consent or knowledge, Doe has suffered significant damages, has suffered further humiliation, embarrassment, and emotional distress, and continues to suffer from said damages.

## COUNT I
## NONCONSENSUAL DISCLOSURE OF INTIMATE VISUAL DEPICTIONS
### (15 U.S.C. § 6851)

41.   The allegations of paragraphs 1 through 40 are incorporated herein by reference.

42.   As described above, between 2016 and 2018, Chamberlin filmed and/or videotaped Doe engaging in explicit sexual conduct with Chamberlin.

43.   The recorded video in which Chamberlin produced identified Doe engaging in sexually explicit conduct with Chamberlin.

44.   The visual depiction of Doe engaging in sexually explicit conduct was not produced in a public place, but rather in the privacy of a home shared between Doe and Chamberlin.

45.     The video, which constitutes an intimate visual depiction of Doe, was disclosed by Chamberlin to Fetlife.com using interstate commerce.

46.     Chamberlin knew that at no time did Doe provide Chamberlin with consent to film and/or video record her engaging in sexually explicit conduct.

47.     Chamberlin knew that at no time did Doe consent to Chamberlin's disclosure of the intimate visual depiction of Doe to Fetlife.com.

48.     Accordingly, Chamberlin had knowledge that his disclosure of the intimate visual depiction of Doe was made without the consent and/or permission of Doe.

49.     Alternatively, Chamberlin disclosed the intimate visual depiction of Doe with reckless disregard for whether Doe consented to such disclosure.

50.     The conduct of Chamberlin caused Doe damages for which Doe is entitled to recover from Chamberlin the greater of Doe's actual damages, or statutory liquidated damages of $150,000 pursuant to 15 U.S.C. §§ 6851(b)(1)(A) and 6851(b)(3)(A)(i).

## COUNT II
## UNIFORM CIVIL REMEDIES FOR UNAUTHORIZED DISCLOSURE OF INTIMATE IMAGES
### (Neb. Rev. Stat. § 25-3501, *et seq.*)

51.     The allegations of paragraphs 1 through 50 are incorporated herein by reference.

52.     As described above, between 2016 and 2018, Chamberlin intentionally caused an intimate visual depiction of Doe to be disclosed on Fetlife.com.

53.     The video was an intimate image of Doe engaged in sexual conduct.

54.     Doe was identifiable in the intimate image that Chamberlin disclosed to his Fetlife.com profile.

55.     The video was created under circumstances in which Doe had a reasonable expectation of privacy in a home shared with Chamberlin, and therefore the video was private.

56.     Doe provided no consent to the disclosure of the intimate image being uploaded to the internet website of Fetlife.com by Chamberlin.

57.     Chamberlin knew or acted with reckless disregard that Doe did not consent to the disclosure of the intimate image.

58.     Chamberlin knew or acted with reckless disregard that the intimate image of Doe was private.

59.     Chamberlin knew or acted with reckless disregard that Doe was identifiable in the intimate image he transmitted to his Fetlife.com profile.

60.     As a result of Chamberlin's conduct, Doe suffered harm that included physical, economic, and emotional distress, and is entitled to recover compensation for both economic and non-economic damages proximately caused by Chamberlin's disclosure, or presumed damages not to exceed ten thousand dollars against Chamberlin pursuant to Neb. Rev. Stat. § 25-3503(b).

**COUNT III**
**INVASION OF PRIVACY**
**(Neb. Rev. Stat. § 20-201, *et seq*.)**

61.     The allegations of paragraphs 1 through 60 are incorporated herein by reference.

62.     Doe is a natural person and has a right to privacy under the laws of the State of Nebraska.

63.     Chamberlin's unauthorized disclosure of the intimate image depicting Doe engaged in sexual conduct with Chamberlin on his Fetlife.com profile gave publicity to a matter concerning Doe.

64.     The intimate image depiction consisted of a video that showed Doe engaged in sexual conduct with Chamberlin in the privacy of a shared home.

65.    When Chamberlin intentionally disclosed the intimate image depicting Doe, the video was not a matter of public concern or public interest.

66.    Chamberlin's conduct to disclose the intimate image depicting Doe on his Fetlife.com profile placed Doe in a false light because Doe was not interested in sharing publicly any form of sexual activity with a random, unknown online population, including those that specifically involved sexual kinky interests.

67.    By posting the video on Fetlife.com, Chamberlin falsely suggested that Doe consented to her sexual conduct being publicized for anyone on the Fetlife.com platform to view.

68.    Chamberlin's disclosure of the intimate image depiction of Doe placed her in a false light that would be highly offensive to a reasonable person.

69.    Upon learning of the video on or about May 18, 2025, the false light was, in fact, highly offensive to Doe.

70.    This false light was especially offensive to Doe, given that she has her reputation in the business community, and she is the mother of the two minor children for whom Chamberlin is the biological father.

71.    Chamberlin had knowledge of or acted in reckless disregard as to the falsity of the Doe's consent for the intimate image depiction of Doe being publicized would create, and the false light in which Doe would be placed as a result of his actions.

72.    Chamberlin acted with malice when he intentionally caused the disclosure of the intimate image depiction of Doe to be published on his Fetlife.com profile.

73.    As a result of Chamberlin's actions, Doe suffered damages and is entitled to damages, including, but not limited to, compensatory damages for physical harm, economic harm,

mental suffering, and emotional distress; as well as general damages for harm to Doe's privacy rights to solitude, seclusion, and personal dignity.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74.    The allegations of paragraphs 1 through 73 are incorporated herein by reference.

75.    As described above, Chamberlin's action to film and record Doe engaging in sexual conduct with Chamberlin without her knowledge or permission was intentional and/or reckless.

76.    Chamberlin's conduct to disclose the intimate image depicting Doe to his Fetlife.com profile without her knowledge or consent was intentional and/or reckless.

77.    Chamberlin's conduct, causing the recording and disclosure of the intimate image depicting Doe engaged in sexual conduct without her knowledge or consent, was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency.

78.    Chamberlin's conduct of recording and disclosing the intimate image depicting Doe engaged in sexual conduct in the privacy of her home without her knowledge or consent is to be regarded as atrocious and utterly intolerable in a civilized community.

79.    Chamberlin's conduct in causing an intimate image depiction of Doe to be disclosed on the internet website Fetlife.com caused Doe emotional distress that was so severe that no reasonable person should be expected to endure it.

80.    Doe's emotional distress from Chamberlin's conduct has caused Doe to suffer severe emotional distress, including but not limited to insomnia, depression, and anxiety. Doe has obtained significant mental health treatment as a result of her injuries and continues to do so.

81.    As a result of Chamberlin's conduct, Doe suffered damages and continues to suffer and is entitled to recover compensatory damages for the mental suffering, emotional distress, and related expenses.

## COUNT V
## NEGLIGENCE

82.     The allegations of paragraphs 1 through 81 are incorporated herein by reference.

83.     As described above, Chamberlin and Doe were in a sexual relationship between 2016 and 2021.

84.     During the relationship, Chamberlin and Doe engaged in sexual intercourse in the privacy of a shared home.

85.     As Doe's sexual partner, Chamberlin had a duty to respect Doe's privacy by not producing a video of Doe engaging in sexual intercourse with Chamberlin without her knowledge or consent.

86.     The sexual activity for which Doe engaged in with Chamberlin during their relationship was private, confidential, highly sensitive, and of a nature to require a duty by Chamberlin to protect Doe's privacy.

87.     By recording Doe engaging in sexual conduct and disclosing said video on the internet website Fetlife.com without Doe's consent or knowledge, Chamberlin failed to protect Doe's privacy from being disclosed to third parties.

88.     As a result of the nonconsenting recording and disclosure of the intimate visual image depicting Doe engaging in sexual conduct, Chamberlin's actions are the direct and proximate causation of Doe's damages, including emotional, mental health, and other actual damages incurred.

89.     Accordingly, Doe is entitled to recover from Chamberlin compensatory damages incurred and all other damages allowed by law.

## RELIEF REQUESTED

**WHEREFORE**, Doe respectfully prays for judgment in her favor and against Defendant on all counts and for the following relief:

A.   Compensatory damages in an amount to be determined by this Court and established at trial;

B.   Liquidated damages as allowed by law in an amount to be determined by this Court or established at trial;

C.   Presumed damages in the amount as allowed by law to be determined by this Court or established at trial;

D.   Punitive damages to punish and deter reprehensible conduct as allowed by law to be determined by this Court or established at trial;

E.   Pre- and post-judgment interest as allowed by law;

F.   Reasonable costs and attorney's fees incurred herein in accordance with 15 U.S.C. § 6851(b)(3)(A)(i) and Neb. Rev. Stat. § 25-3505(b)(1).

G.   Equitable relief, to include in the form of a permanent injunction, ordering Defendant Gregory D. Chamberlin to cease display or disclosure of Doe's intimate visual depictions, to destroy and delete all copies of Doe's intimate visual depictions that are in his possession, and to affirmatively notify Doe of any and all other individuals or entities – to include websites or social media platforms – that may have received or be in possession of copies of Doe's intimate visual depiction so that Doe may seek their destruction and deletion from these individuals and/or entitles; and,

H.   For such further relief as the Court may deem just and equitable.

## JURY TRIAL DEMAND

-12-

Plaintiff hereby demands a trial by jury on all counts so triable.

## REQUEST FOR PLACE OF TRIAL

Plaintiff requests Omaha as the place for trial.

**DATED**: May 18, 2026.


        Respectfully submitted,

        JANE DOE,


BY: /s/ *Oluseyi O. Olowolafe*
       Oluseyi O. Olowolafe
       NE Bar Number: 26896
       *Attorney for Plaintiff*
       Olowolafe Law Firm, LLC
       1227 Golden Gate Drive
       Papillion, NE 68046
       Telephone: (402) 995-9554
       Email: seyi.olowolafe@ololawfirm.com